# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-40003-01-DDC |
| | ) |
| ADRIAN VARGAS-RAMIREZ, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff United States of America's motion for pretrial detention. (ECF No. 11.) The court took the Government's motion under advisement and allowed the parties an opportunity to submit additional briefing relating to the impact of a U.S. Immigration and Customs Enforcement Agency ("ICE") detainer on the detention analysis. (ECF No. 12.) For the reasons discussed below, the motion is granted in part and taken under advisement in part. Specifically, although the Government moved for detention under 18 U.S.C. § 3142(f)(1)(C) and (e)(3)(A), the court must first consider the motion as one for temporary detention under § 3142(d). Construed as such, the court grants the Government's motion for detention under § 3142(d) and takes the remainder of the motion under advisement. If the Department of Homeland Security/ICE does not take Mr. Vargas-Ramirez into custody during the ten-day period in § 3142(d), the court will consider whether pretrial detention is warranted under § 3142(f)(1)(C) and (e)(3)(A).

## I. BACKGROUND

Mr. Vargas-Ramirez is a citizen of Mexico who has been charged with one count of possession with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1). The court originally scheduled a detention hearing for Mr. Vargas-Ramirez

on January 23, 2020, which was continued to January 27 at his request. (ECF Nos. 5 & 8.) On January 27, the Government first informed defense counsel that Mr. Vargas-Ramirez was subject to an ICE detainer. Mr. Vargas-Ramirez then requested a second continuance, which the court granted. (ECF No. 9.)

On February 6, the court held a detention hearing. The Government moved for Mr. Vargas-Ramirez's detention under 18 U.S.C. § 3142(f)(1)(C) and (e)(3)(A). Mr. Vargas-Ramirez opposed the motion, arguing that he was neither a flight risk or a danger to the community because, according to Mr. Vargas-Ramirez, he will be taken into ICE custody if he is released because he is subject to an ICE detainer. After the court raised questions as to the practical impact of the ICE detainer and how it would affect the pretrial detention analysis under the Bail Reform Act, Mr. Vargas-Ramirez asked for leave to submit further briefing. The court granted his request and imposed a briefing schedule. (ECF No. 12.)

## II. THE GOVERNMENT'S MOTION

During the hearing and in the briefing submitted to the court, the parties made arguments about whether Mr. Vargas-Ramirez should be detained pending trial under 18 U.S.C. § 3142(e)(3)(A) and § 3142(f)(1)(C). These arguments primarily center on Mr. Vargas-Ramirez's ICE detainer, and whether he would be a risk of nonappearance or a danger to the community if he were released pending trial and taken into ICE custody. However, these arguments are speculative and premature because the parties do not dispute that Mr. Vargas-Ramirez is not a citizen of the United States or otherwise lawfully admitted. When a defendant "is not a citizen of the United States or lawfully admitted for permanent residence," the court must first consider whether temporary detention under § 3142(d) is warranted. *See United States v. Soriano Nunez*, 928 F.3d 240, 245 (3d Cir. 2019) (stating that, when immigration authorities do not take custody

of a defendant within the temporary detention period, "the court proceeds to apply the [Bail Reform Act] to determine whether there is any condition or combination of conditions that will ensure the defendant's presence at trial and the safety of the community"), *cert. denied*, 205 L. Ed. 2d 347 (Nov. 18, 2019); *United States v. Vazquez*, No. A-18-CR-273 RP, 2018 WL 3599593, at *2 (W.D. Tex. July 27, 2018) ("When, as here, the defendant is not a citizen or permanent resident of the United States, the Court is required to delay the detention hearing for up to 10 days, and to direct the attorney for the government to inform 'the appropriate official of the Immigration and Naturalization Service.'"). The court will therefore first construe the Government's motion, as a threshold matter, as one for temporary detention under § 3142(d).

Temporary detention is warranted under § 3142(d) if the defendant "may flee or pose a danger to any other person or the community." 18 U.S.C. § 3142(d)(2). If so, the court "shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify . . . the appropriate official of the Immigration and Naturalization Service." *Id.* § 3142(d). "If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of [the Bail Reform Act], notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings." *Id.*

Mr. Vargas-Ramirez argues that he is not a flight risk or a danger to the community because he will be taken into ICE custody if released. (ECF No. 16, at 2.) He further argues that the fact that he may be deported while in ICE custody cannot constitute a risk of flight. (*Id.* at 3.) The court agrees that "a risk of involuntary removal does not establish a 'serious risk that [the defendant] will flee' upon which pre-trial detention may be based." *United States v. Ailon-Ailon*,

875 F.3d 1334, 1337 (10th Cir. 2017) (alteration in original) (quoting 18 U.S.C. § 3142(f)(2)(A)). But, conversely, an ICE detainer cannot be used as conclusive evidence that a defendant poses no risk of flight. *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019) ("[J]ust as an immigration detainer cannot support the categorical denial of bail, neither can an immigration detainer support the categorical grant of bail.").

The court therefore considers the evidence proffered at the detention hearing in light of the Bail Reform Act factors. Turning first to the nature of the offense, Mr. Vargas-Ramirez is charged with possession with the intent to distribute a significant quantity of methamphetamine for which he is facing ten years to life in prison—a substantial prison term that is indicative of the seriousness of the offense. The record reflects that law enforcement officers conducted a traffic stop during which they found 18 pounds of methamphetamine in his trunk. (Tr. at 2:50-3:05.) The evidence against him appears to be strong. He admitted to law enforcement officers that he was aware of the drugs located in his vehicle and was being paid to transport them. (Tr. at 3:06-3:22.) He also admitted that he had previously been paid to transport cash. (Tr. at 3:22-3:30, 4:38-4:42.)

Very little is known about the history and characteristics of Mr. Vargas-Ramirez himself—at least, nothing is helpful to him. He presented no evidence that he is lawfully present in the United States, and he has an ICE detainer. He declined to answer pretrial services' questions regarding his employment, his residence, or his family's residence. (Tr. at 4:00-4:36.) He stated that he intends to remain in Kansas, but he did not present any evidence of community or family ties to the area or propose a release plan that could be verified other than the ICE detainer, which is premature and speculative unless and until ICE takes him into custody. (Tr. at 5:12-5:17, 24:50-25:09.) In light of Mr. Vargas-Ramirez's immigration status, the Government further raised the issue that it does not believe he could obtain employment if released. (Tr. 24:43-24:46.) So, if he

4

were released, there is a risk that he would continue to engage in drug trafficking activity, making him a danger to the community. *See United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989).

Based on the record, the court finds clear and convincing evidence that Mr. Vargas-Ramirez is both a flight risk and a danger to the community. Temporary detention under § 3142(d) is therefore warranted. The court will not at this time address the remainder of the parties' arguments because they are inapposite to the § 3142(d) analysis.

**IT IS THEREFORE ORDERED** that the Government's motion is granted in part to the extent that the court construes it, first and foremost, as a motion for temporary detention under § 3142(d). Mr. Vargas-Ramirez shall be detained for a period of not more than ten days, excluding Saturdays, Sundays, and holidays. If the Department of Homeland Security/ICE fails or declines to take him into custody during that period, the court will take up the parties' arguments pursuant to § 3142(f)(1)(C) and (e)(3)(A). Until then, the remainder of the Government's motion is taken under advisement.

**IT IS FURTHER ORDERED** that this matter is set for a follow-up detention hearing on the Court's docket beginning at **1:30 p.m. on March 30, 2020**. At or before that hearing, the parties shall advise the court whether Mr. Vargas-Ramirez has been taken into ICE custody so as to render the Government's motion for detention pursuant to § 3142(f)(1)(C) and (e)(3)(A) moot.

**IT IS FURTHER ORDERED** that, pursuant to 18 U.S.C. § 3142(h)(i), the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined

deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

Dated March 16, 2020, at Topeka, Kansas.

s/Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
